Herman SEALS *v.* STATE of Arkansas

CR 73-144                                    505 S.W. 2d 202

Opinion delivered February 19, 1974

*Edward Page Oliver*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *O. H. Hargraves*, Dep. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, Herman Seals, was charged with burglary and with being a habitual criminal. Upon a showing of indigency the trial court appointed an attorney to conduct the defense. The jury returned a verdict of guilty and, after then hearing proof of five previous convictions, fixed the punishment at confinement for 31 ½ years. This appeal is taken at public expense by Seals' appointed counsel.

In this court counsel first filed a brief arguing a single point for reversal, that the proof is insufficient to support the verdict of guilty. We find no merit in that contention. The record shows that after midnight on September 7, 1972, Texarkana police officers discovered that the Cottage Tavern had been forcibly entered and that three coin-operated machines had been broken into. Seals was apprehended about a block and a half away from the tavern. He had in his possession a blue-handled hammer that was identified by the owner of the tavern as having been on the premises before the burglary. The State also proved that when Seals was arrested he was wearing shoes but no socks, his socks being found in his jacket pocket. On the following morning an examination of the tavern disclosed not fingerprints but fabric marks, which, according to the testimony, indicated that the burglar had worn gloves, socks, or some kind of cloth on his hands. The defense offered no testimony. It is evident that the State's proof was amply sufficient to support the verdict.

Seals' attorney, after submitting his brief, filed two motions pursuant to the holding in *Anders* v. *California*, 386 U.S. 738 (1967). In the first motion counsel asserted that the appeal is frivolous and that he should be permitted to withdraw from the case. In the second motion he asked that Seals be given time to raise any other points that he wished to interpose. We deferred action upon the first motion but granted the second, pursuant to which Seals has filed a longhand statement of his contentions.

In the *Anders* case the Supreme Court, in the following paragraph, outlined the procedure that is to be followed by appointed counsel and by a state appellate court in a case in which counsel thinks the appeal to be without merit:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel

finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

Seals' handwritten document discloses no error whatever. For the most part he argues trivial inconsistencies in the State's proof—matters to be considered by the jury rather than by this court. He also attempts to contradict the State's witnesses in some particulars. At the trial, however, Seals had the opportunity to take the witness stand, but he decided not to do so. Obviously that decision precludes us from considering what amounts to testimony which Seals was unwilling to give in the presence of the jury, where he would have been subject to cross-examination by the prosecuting attorney. We must decide the appeal upon the same evidence that was heard by the jury.

Pursuant to the *Anders* procedural blueprint we have made a full examination of all the proceedings. We find no basis for a reversal either under federal requirements or under the law of this state. We accordingly grant counsel's request to withdraw and affirm the judgment of the trial court.

Affirmed.